**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Leticia Zuniga Escamilla,

       Plaintiff,

    v.

SMS Holdings Corporation,
Service Management Systems, Inc.,
and Marco Gonzalez,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 09-2120 ADM/JSM

___

Lisa C. Stratton, Esq., Jill R. Gaulding, Esq., and Jonathan J. Dahl, Esq., Gender Justice, St. Paul, MN, on behalf of Plaintiff.

Kurt J. Erickson, Esq., and Sarah M. Fleegel, Esq., Jackson Lewis LLP, Minneapolis MN, and Thomas E. Marshall, Esq., Engelmeier & Umanah, P.A., Minneapolis, MN, on behalf of Defendant Marco Gonzalez.

Britt M. Gilbertson, Esq., and Gregory J. Stenmoe, Esq., Briggs & Morgan, PA, Minneapolis, MN, and Kara E. Shea, Esq., Sarah C. Maxwell, Esq., and T. Harold Pinkley, Esq., Miller & Martin PLLC, Nashville, TN, on behalf of Defendants SMS Holdings Corporation and Service Management Systems, Inc.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Marco Gonzalez's ("Gonzalez") Objection [Docket No. 407] to Magistrate Judge Janie S. Mayeron's May 18, 2011 Order [Docket No. 406]. Judge Mayeron's Order denied Gonzalez's Motion for a Protective Order [Docket No. 379] and granted in part and denied in part Plaintiff Leticia Zuniga Escamilla's ("Zuniga Escamilla") Motion for Extension of Time to Complete Discovery to Subpoena ERMC and Motion to Compel Supplemental Discovery Responses From Marco Gonzalez [Docket No. 384]. For the reasons stated below, Gonzalez's

Objection is overruled and the Order is affirmed.

## II.  BACKGROUND

Zuniga Escamilla alleges sexual harassment and sexual battery by her supervisor Gonzalez while she was employed by Defendants SMS Holdings Corporation and Service Management Systems, Inc. (collectively "SMS").  See generally First Am. Compl. [Docket No. 149].  Zuniga Escamilla and Gonzalez were both employees of SMS, which provided cleaning and maintenance services to Ridgedale Mall in Minnetonka, Minnesota.  Id. ¶¶ 17-20.  After Zuniga Escamilla left her employment with SMS, ERMC of Illinois, LLC won the cleaning contract for Ridgedale Mall and came to employ Gonzalez in the same capacity as SMS.  See 2d Stratton Decl. [Docket No. 396] Ex. A at 4.

Central to the instant motions is the name of ERMC of Illinois, LLC, the company employing Gonzalez after SMS.  In his Answers to Interrogatories, Gonzalez identified his employer only as "ERMC."  Id.  Further, the company's website and its counsel list the company name as "ERMC."  2d Stratton Decl. ¶¶ 6-7.  On July 7, 2010, Zuniga Escamilla, through counsel, served the company and Gonzalez with a subpoena directed to "ERMC."  Id. ¶¶ 10-11.  Counsel to ERMC of Illinois, LLC then contacted counsel to Zuniga Escamilla and stated that he was in receipt of the subpoena but requested that the subpoena be reissued to reflect the company name "ERMC of Illinois LLC."  Gaulding Decl. [Docket No. 388] ¶ 6.  That request was honored and a second subpoena, identical in all respects except that the company name was changed to ERMC of Illinois LLC, was served on the company on July 13, 2010.  Id.  The second subpoena bearing the name ERMC of Illinois LLC was not served on Gonzalez.

Discovery in this matter was to be completed by July 15, 2010.  On July 14, 2010, Zuniga

Escamilla and ERMC of Illinois, LLC agreed to an extension of the time for compliance with the subpoena; Gonzalez was notified of the extension and did not object. 2d Stratton Decl. ¶¶ 18-19. In February 2011, Zuniga Escamilla received documents responsive to the subpoenas from ERMC of Illinois, LLC. Id. ¶ 32. Gonzalez moved for a Protective Order claiming that Zuniga Escamilla should be required to disgorge the documents because Gonzalez was never served with the subpoena bearing the name "ERMC of Illinois LLC" and therefore the responsive documents were obtained as the result of an unlawful simulation of process. Judge Mayeron disagreed and denied that motion, and Gonzalez now objects.

Furthermore, after an investigation, Zuniga Escamilla learned that Gonzalez was no longer employed by ERMC of Illinois, LLC as of October 2010. Stratton Decl. [Docket No. 387] ¶ 6. It also was learned that another former SMS employee, Rafael Herrera Luna ("Herrera Luna"), was also no longer employed by ERMC. Id. ¶ 7. Zuniga Escamilla's investigation indicated that Herrera Luna was terminated for sexual harassment. Id. ¶ 10. Zuniga Escamilla then moved to issue another subpoena to ERMC of Illinois, LLC seeking information concerning Gonzalez's and Herrera Luna's departures from the company and moved to compel Gonzalez to supplement his discovery responses. Judge Mayeron granted in part and denied in part that motion, and Gonzalez now objects.

### III. DISCUSSION

#### A. Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm a decision by a magistrate

judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

### B. Motion for a Protective Order

With respect to Gonzalez's Motion for a Protective Order, this Court is not left with the definite and firm conviction that a mistake was made by Judge Mayeron. Gonzalez argues that Zuniga Escamilla's receipt of documents in response to her subpoenas was an "unlawful simulation of process" because Gonzalez was never served with the second subpoena and because ERMC of Illinois, LLC did not respond until after the close of discovery. These arguments are unavailing.

First, it is unclear whether the documents produced by ERMC of Illinois, LLC were produced in response to the first subpoena, which was served on Gonzalez, or second subpoena, which was not served on Gonzalez. As a matter of law, the company had an obligation to comply with the first subpoena, as it was actually received and was clearly directed at "ERMC," the name used by ERMC of Illinois, LLC to do business. See Fed. R. Civ. P. 45(a)(1)(iii) (requiring that a subpoena "command each person to whom it is directed" to produce designated documents); Ultradent Prods., Inc. v. Hayman, No. M8-85 RPP, 2002 WL 31119425, *4

(S.D.N.Y. Sept. 24, 2002) (holding that due process requires only that notice and an opportunity to present objections be provided under Rule 45). There can be no dispute that ERMC of Illinois, LLC was on notice of the first subpoena and was aware to which Court any objections could be made. The Federal Rules of Civil Procedure do not require more, and hyper-technical arguments regarding immaterial distinctions like those urged by Gonzalez are unwelcome. See Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

Further, the fact that ERMC of Illinois, LLC did not comply with the subpoenas until after the close of discovery does not warrant disgorgement of the produced documents. Gonzalez cites no authority that disgorgement in particular is the proper remedy. Indeed, it would be unjust to penalize Zuniga Escamilla for her attempts to accommodate ERMC of Illinois, LLC or to penalize her for that company's failure to timely comply with the subpoena, particularly when Gonzalez was aware of the extension and interposed no objection. Further, Gonzalez will suffer no prejudice as this case continues in the pretrial phase and no dispositive motions are pending. Therefore, Judge Mayeron properly denied Gonzalez's Motion for a Protective Order.

### C. Motion for Extension of Time and to Compel

With respect to Zuniga Escamilla's Motion for Extension of Time to Complete Discovery to Subpoena ERMC and Motion to Compel Supplemental Discovery Responses From Marco Gonzalez, Gonzalez does not dispute that he no longer is employed by ERMC of Illinois, LLC. Therefore, he must supplement his answers to Zuniga Escamilla's interrogatories. Fed. R. Civ. P.

26(e)(1).  Further, although Gonzalez is correct that Zuniga Escamilla's request for a second subpoena directed at ERMC of Illinois, LLC comes after the close of discovery in this case, the Court may allow additional discovery for good cause.  Fed. R. Civ. P. 16(b)(4).  Good cause exists to allow further discovery with respect to the narrow subject matter identified by Judge Mayeron because Gonzalez and Herrera Luna did not end their employment until after the close of discovery.  It would have been impossible to obtain the information prior to October 2010, and as noted above, at this procedural phase Gonzalez will not be prejudiced by the additional discovery.

Further, despite Gonzalez's assertions to the contrary, the discovery sought could lead to admissible evidence.  It is impossible to evaluate *ex ante* the admissibility of yet unknown evidence, but it suffices to note that if evidence of sexual harassment by Gonzalez or Herrera Luna is discovered that evidence may be admissible under Rule 404(b) of the Federal Rules of Evidence to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident or may be admissible under some other, yet-unidentified rule.  Therefore, the Court does not have a definite and firm conviction that a mistake was made and Judge Mayeron's Order with respect to Zuniga Escamilla's Motion for Extension of Time to Complete Discovery to Subpoena ERMC and Motion to Compel Supplemental Discovery Responses From Marco Gonzalez is affirmed.

## IV.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Gonzalez's Objection [Docket No. 407] is **OVERRULED**; and

    2.       Judge Mayeron's May 18, 2011 Order [Docket No.] is **AFFIRMED.**

                              BY THE COURT:


                                  s/Ann D. Montgomery
                            ANN D. MONTGOMERY
                            U.S. DISTRICT JUDGE

Dated: June 17, 2011.